UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR ENRIQUE VELASQUEZ,<br><br>Petitioner,<br><br>v.<br><br>ROSEMARY NDOH, Warden,<br><br>Respondent. | Case No. 16-cv-02666-HSG<br><br>**ORDER DENYING PETITION AND REQUIRING ELECTION BY PETITIONER**<br><br>Re: Dkt. No. 1 |

Pending before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. No. 1. Petitioner Edgar Velasquez challenges the validity of the sentence imposed on him in state court. Respondent Rosemary Ndoh, the warden of Avenal State Prison, has filed an answer, Dkt. No. 8, and Petitioner has filed a traverse, Dkt. No. 16. For the reasons set forth below, the Court **DENIES** the petition for failure to exhaust the due process claim. Petitioner is accordingly required to choose how to address the unexhausted claim.

## I. BACKGROUND

On March 1, 2013, Petitioner pled no contest to forcible oral copulation upon a child under Cal. Pen. Code § 288a(c)(2)(B) ("Count 1"); forcible lewd acts upon a child under Cal. Pen. Code § 288(b)(1) ("Count 2"); and four counts of lewd acts upon a child under Cal. Pen. Code § 288(a) ("Counts 3–6"). Dkt. No. 9-1 (Clerk's Transcript, or "CT") at 114–20; Dkt. No. 9-2 (Reporter's Transcript, or "RT") at 5–6.[1] He further admitted enhancement allegations that he had substantial sexual conduct with a child under the age of 14, Cal. Penal Code § 1203.066(a)(8), and that he was at least 16 years old at the time he committed the offenses, Cal. Welf. & Inst. Code §

---

[1] All references to exhibits are to the exhibits submitted by Respondent in support of the answer, unless otherwise indicated. The Clerk's Transcript and Reporter's Transcript are those from the underlying state proceedings.

707(d)(1). *See* CT at 114; RT at 4–5. That same day, the court sentenced Petitioner to a total of eight years in state prison. *See* CT at 114, 119–20; RT at 18.

On appeal, Petitioner claimed that (1) the sentencing court acted unreasonably in imposing the eight-year sentence; and (2) alternatively, trial counsel was ineffective for failing to request a continuance. Dkt. No 9-4, Ex. D ("Ex. D") at 18–21. On December 9, 2014, the California Court of Appeal affirmed Petitioner's conviction in an unpublished opinion. Dkt. No 9-5, Ex. E ("Ex. E") at 27, 34. Petitioner filed a petition for review, raising the same claims as on appeal. *Compare* Ex. D at 18–21, *with* Ex. E at 18–24. The California Supreme Court summarily denied review on February 18, 2015. Ex. E at 2 ("The petition for review is denied."). Petitioner did not pursue state collateral review. The instant petition was filed on May 17, 2016. *See* Dkt. No. 1 ("Pet.").

## II. DISCUSSION

The instant petition asserts two grounds for relief. First, Petitioner claims he was denied his right to due process under the Fourteenth Amendment when the sentencing judge imposed "an eight year prison sentence based on the unreliable and unsubstantiated statement of Jane Doe's father." Pet. at 8. Second, and alternatively, Petitioner contends that his trial counsel provided ineffective assistance of counsel ("IAC") when he failed to request a continuance following the father's statements in order to ascertain their veracity. Memorandum of Points and Authorities ("Memo"), Dkt. No. 1 at 7–8.

Respondent offers three grounds on which denial of Petitioner's due process claim is warranted. First, Respondent contends that the claim is unexhausted because Petitioner did not fairly present it to the California Supreme Court. Dkt. No. 8-1 at 11. Second, Respondent argues that the claim is procedurally barred. *Id.* at 11–12. Third, Respondent contends that the claim lacks merit. *Id.* Because the Court finds the due process claim to be unexhausted, it need not reach the remaining arguments.

### A. Petitioner Failed to Exhaust His Due Process Claim.

The Court agrees that Petitioner failed to exhaust state remedies as to his claim that he was denied his Fourteenth Amendment right to due process because the sentencing judge relied on the

2

statement of Jane Doe's father.

Prisoners in state custody who wish to challenge either the fact or length of their confinement in federal habeas proceedings are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings. *See* 28 U.S.C. § 2254(b)–(c). "[E]xhaustion of state remedies requires that petitioners fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam). Fair presentation requires that the petitioner present "both the operative facts and the federal legal theory on which his claim is based" to the state court. *Kelly v. Small,* 315 F.3d 1063, 1066 (9th Cir. 2003). It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court. *Picard v. Connor*, 404 U.S. 270, 277 (1971). In the Ninth Circuit, a petitioner must make the federal basis of the claim explicit either by referencing specific provisions of the federal constitution or statutes or by citing to "federal or state cases involving the legal standard for a federal constitutional violation." *See Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005); *Lyons v. Crawford*, 232 F.3d 666, 668, 670 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001). However, a claim is not fairly presented if the state court "must read beyond a petition or a brief" to be alerted to the presence of a federal claim. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

Here, in his petition for review to the California Supreme Court, Petitioner did raise his due process claim of sentencing error—but only on state law grounds.[2] *See* Ex. E at 20–22 (citing Cal. Pen. Code section 1204 and state cases *only*). Specifically, Petitioner sought review "under California Rules of Court 8.500(b) to resolve important questions of law—in particular, the issue of what the sentencing court can consider in making a sentencing determination." *Id.* at 8. The crux of Petitioner's argument was that the trial court "failed to impose [judgment] in an objective manner" and thereby acted unreasonably in imposing an eight-year sentence. *Id.* at 18–22. While

---

[2] With respect to Petitioner's due process claim of sentencing error, the statements of facts contained in Petitioner's opening appellate briefs to the California Court of Appeal and the California Supreme Court are identical. *Compare* Ex. D at 7–18, *with* Ex. E at 10–17.

3

the factual basis offered in support of this claim is the same as that included in his federal habeas petition, the legal basis provided to the state court is grounded solely in state law, and makes no reference to any federal law or provision of the U.S. Constitution. *Id.* Indeed, Petitioner does not use the term "due process" anywhere in his analysis of this claim—the closest he comes is a reference to a "defendant's right to a[] fair-minded sentencing court." *Id.* at 20. However, the fair-presentation requirement is not satisfied solely because the "due process ramifications" of an argument may be self-evident. *See Anderson v. Harless*, 459 U.S. 4, 7 (1982). In order to satisfy the exhaustion requirement, Petitioner must have previously presented the claim to the California Supreme Court, "includ[ing] reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."[3] *See Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). Here, because Petitioner did not fairly present the federal basis of the claim to the California Supreme Court, he has not exhausted state court remedies for his due process claim.[4] *See id.*

### B. This Is a Mixed Petition, Precluding This Court's Review.

A mixed petition is one that contains both exhausted and unexhausted claims. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007). A district court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted and

---

[3] Petitioner briefly argues in his reply that he "alleged a federal due process violation throughout his pleadings" by citing California state court cases that "cite and discuss similar due process claims in terms of federal precedent." Reply Memorandum ("Reply"), Dkt. No. 16-1 at 1. Petitioner points to two such cases, *People v. Peterson*, 9 Cal. 3d 717 (1973) and *People v. Arbuckle*, 22 Cal. 3d 749 (1978), that he cited in his petition for review to the California Supreme Court. *See id.*; *see also* Ex. E at 20–22. But "a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin*, 541 U.S. at 32. Petitioner did nothing to alert the state court to the presence of the federal constitutional standards contained in those state cases; instead, he cited them for general propositions related to his state-law claims. *See* Ex E. at 20–22. Because the court is not required to read beyond the petition itself for purposes of this analysis, any federal claims contained in those cases were not fairly presented to the state court.

[4] A district court may deny a habeas petition on the merits even if it is unexhausted. *See* 28 U.S.C. § 2254(b)(2). However, it is not required to do so. *See Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999). The Ninth Circuit has limited Section 2254(b)(2) by noting that courts may deny unexhausted claims "only when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). The Court cannot say that Petitioner's due process claim is not colorable and so declines to reach the merits at this time.

4

therefore "must dismiss such 'mixed petitions.'" *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982).

Here, the Court has compared the petition for review filed in the California Supreme Court with the federal habeas petition to determine whether the due process claim in the latter was included in the former. It was not. The only federal claim presented in the petition for review to the California Supreme Court is the IAC claim.[5] Because Petitioner exhausted state court remedies as to the IAC claim, the instant federal petition contains both exhausted and unexhausted claims and is a "mixed" petition, which this Court must dismiss. *See Lundy*, 455 U.S. at 510, 522. But, for the reasons stated below, the Court finds that outright dismissal would be inappropriate at this stage, and instead denies review of the mixed petition until Petitioner elects how he wishes to proceed and informs the Court accordingly. *See Lundy*, 455 U.S. at 522; *cf.* 28 U.S.C. § 2254(b)(2) (providing that petition may be denied (but not granted) notwithstanding failure to exhaust).

### C. Petitioner Must Elect How to Proceed.

Although a district court must dismiss a mixed petition, *see Lundy*, 455 U.S. at 522, outright dismissal may be perilous due to the critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d). District courts, therefore, are reluctant to dismiss mixed petitions (and quite possibly cause a later-filed petition to be time-barred) without giving a petitioner the opportunity to choose how to proceed. Accordingly, prior to dismissing a mixed petition, the district court must provide the petitioner with the opportunity to amend the petition to delete the unexhausted claims and resubmit the petition to include only exhausted claims. *See Anthony v. Cambra*, 236 F.3d 568, 573 (9th Cir. 2000). Alternatively, the habeas petitioner can dismiss the action to "return[] to state court to exhaust his claims." *See Lundy*, 455 U.S. at 510. Under *Rhines*, a district court, *upon request*, also has discretion to stay a mixed petition and hold it in abeyance in order to allow a petitioner time to return to state court and present the unexhausted

---

[5] The Court notes that Petitioner referenced the Sixth and Fourteenth Amendments of the U.S. Constitution and relevant federal case law in support of his IAC claim in his petition for review to the California Supreme Court. Ex. E at 7, 22–24; *see also* Ex. D at 6, 19–21. As such, Petitioner has exhausted state court remedies as to his IAC claim.

5

claims, and then return to federal court with a perfected petition. *See* 544 U.S. at 278.[6] When a district court grants a petitioner's request for a *Rhines* stay and holds the petition in abeyance, it tolls AEDPA's one-year statute of limitations so as not to bar petitioner from returning to federal court after the limitations period has lapsed. *See id.* at 275–76. However, the Supreme Court in *Rhines* cautioned district courts against being too liberal in allowing a stay. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277–78. Any stay must be limited in time to avoid indefinite delay. *Id.* Under *Rhines*, reasonable time limits entail 30 days to return to state court, followed by a time period in state court that is as long as necessary, followed by another 30 days to return to federal court after the final rejection of the claims by the state court. *See id.* at 278.

Therefore, instead of an outright dismissal of the action, this Court will allow Petitioner to choose whether he wants to: (1) dismiss the unexhausted due process claim and go forward in this action with only the exhausted claim ("Option 1"); (2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims ("Option 2"); or (3) file a motion for a stay of these proceedings while he exhausts his unexhausted claim in the California Supreme Court ("Option 3").

Petitioner is cautioned that each of the options have risks that he should take into account

---

[6] There is an alternate stay procedure, outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), for a petitioner who has some unexhausted claims he wants to present in his federal habeas action. The procedure often is unhelpful, however, because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition. Under the procedure outlined in *Kelly*, "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070–71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 664 (2005), by sharing a "common core of operative facts," and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141–43.

in deciding which option to choose. If he chooses Option 1 and goes forward with only his exhausted claim, he may face dismissal of any later-filed petition. *See* 28 U.S.C. § 2244(b). If he chooses Option 2 and dismisses this action so he can return to state court to exhaust his due process claim before filing a new federal petition, the new federal petition might be rejected as time-barred. *See* 28 U.S.C. § 2244(d). If he chooses Option 3, he must file a motion for a stay in this Court showing that he satisfies the *Rhines* criteria or the *King/Kelly* requirements. If the motion is granted, he then must act diligently to file a habeas petition in the California Supreme Court, obtain a decision from the California Supreme Court on his unexhausted claims, and return to this Court. Moreover, under Option 3, this action stalls: this Court will do nothing further to resolve the case while Petitioner is diligently seeking relief in state court.

## III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The petition for writ of habeas corpus is **DENIED** for failure to exhaust state court remedies as to the due process claim.

2. Petitioner is **DIRECTED** to file within 30 days from the date of this order a notice in which he states whether he chooses to: (1) dismiss the unexhausted due process claim and go forward in this action with only his IAC claim; (2) dismiss this action and return to state court to exhaust his due process claim before returning to federal court to present all of his claims in a new petition; or (3) move for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims. If he chooses Option 1 or Option 2, his filing need not be a long document; it is sufficient if he files a one-page document titled "Notice of Choice By Petitioner" and states simply: "Petitioner chooses to proceed under Option ___ provided in the Order Denying Petition and Requiring Election By Petitioner." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option 3, within 30 days from the date of this order, Petitioner must file a motion for a stay under *Rhines* or *Kelly*/*King*. If Petitioner does not choose one of the three options or file a motion by the deadline,

the Court will dismiss the unexhausted due process claim and adjudicate the remaining IAC claim.

This order terminates Docket No. 1.

**IT IS SO ORDERED.**

Dated: 11/16/2018

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge